UNITED STATES of America,
Plaintiff–Appellee,

v.

Randy Jay DYKE, Defendant–
Appellant.

No. 15–3016.

United States Court of Appeals,
Tenth Circuit.

Aug. 3, 2015.

Tristram Willoughby Hunt, David Paxton Zabel, Office Of The United States Attorney, Kansas City, KS, for Plaintiff–Appellee.

Randy Jay Dyke, FCI, El Reno, OK, for Defendant–Appellant.

Before MATHESON, MURPHY, and PHILLIPS, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

MICHAEL R. MURPHY, Circuit Judge.

This matter is before the court on Randy J. Dyke's pro se request for a certificate of appealability ("COA"). Dyke seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. 28 U.S.C. § 2253(c)(1)(B). Because Dyke has not "made a substantial showing of the denial of a constitutional right," id. § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Following a jury trial, Dyke was convicted of multiple drug counts and a count of conspiracy to counterfeit currency. United States v. Dyke, 718 F.3d 1282, 1284 (10th Cir.2013). This court affirmed Dyke's convictions on appeal. Id. at 1294.

Dyke thereafter filed the instant § 2255 motion asserting his trial counsel was ineffective in failing to: (1) review with him certain video and audio evidence prior to trial; (2) call witnesses on his behalf; (3) insist on a voluntary intoxication instruction and adequately argue that impairment to the jury; and (4) present mitigation evidence at the sentencing hearing. Dyke also asserted he was prejudiced by the cumulative impact of these alleged errors. In a thorough order, the district court rejected Dyke's claims of ineffective assistance, concluding they were entirely without merit. In particular, the district court concluded as follows: (1)(a) any alleged omissions from the recorded evidence would have gone to the weight of that evidence not its admissibility and, in any event, (b) Dyke had ample opportunity to inform counsel at trial about alleged omissions from the recorded evidence but did not do so; (2) the testimony of the omitted witnesses was not meaningfully related to the contested issues at trial; (3) the record made clear a voluntary intoxication instruction was not appropriate, see, e.g., Dyke, 718 F.3d at 1293–94, and the additional evidence Dyke asserts his counsel should have presented at trial would not have changed the result; and (4) counsel's performance during the sentencing phase was not deficient, as demonstrated by the fact Dyke received a downward variant sentence.

The granting of a COA is a jurisdictional prerequisite to Dyke's appeal from the denial of his § 2255 motion. Miller–El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To be entitled to a COA, Dyke must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that)

the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336, 123 S.Ct. 1029 (quotations omitted). In evaluating whether Dyke has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338, 123 S.Ct. 1029. Although Dyke need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Dyke's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El,* we conclude Dyke is not entitled to a COA. The district court's resolution of Dyke's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. In so concluding, this court has nothing to add to the cogent analysis set out in the district court order dated December 22, 2014. Accordingly, this court **DENIES** Dyke's request for a COA and **DISMISSES** this appeal.